UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x

JAMEL WHITE,

                                    Plaintiff,

                -against-

CITY OF NEW YORK; Sergeant DIANA PICHARDO, Tax No. 930958; Police Officer ANGELO PIZZARRO, Shield No. 29275; and JOHN and JANE DOE 1 through 10, individually and in their official capacities (the names John and Jane Doe being fictitious, as the true names are presently unknown),

                          Defendants.Defendants.

**COMPLAINT**

Jury Trial Demanded

------------------------------------------------------------------ x

## NATURE OF THE ACTION

1. This is an action to recover money damages arising out of the violation of plaintiff's rights under the Constitution.

## JURISDICTION AND VENUE

2. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the Constitution of the United States.

3. The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331, 1343 and 1367(a).

4. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c).

5. This Court has supplemental jurisdiction over the New York State claims pursuant to 28 U.S.C. § 1367.

## JURY DEMAND

6. Plaintiffs demand a trial by jury in this action.

## PARTIES

7. Plaintiff Jamel White ("plaintiff", "Mr. White") is a resident of Kings County in the City and State of New York.

8. Defendant City of New York is a municipal corporation organized under the laws of the State of New York. It operates the NYPD, a department or agency of defendant City of New York responsible for the appointment, training, supervision, promotion and discipline of police officers and supervisory police officers, including the individually named defendants herein.

9. At all times relevant defendants John and Jane Doe 1 through 10 were police officers, detectives or supervisors employed by the NYPD. Plaintiff does not know the real names and shield numbers of defendants John and Jane Doe 1 through 10.

10. At all times relevant herein, defendants John and Jane Doe 1 through 10 were acting as agents, servants and employees of defendant City of New York and the NYPD. Defendants John and Jane Doe 1 through 10 are sued in their individual and official capacities.

11. At all times relevant herein, all individual defendants were acting under color of state law.

## STATEMENT OF FACTS

12. On August 1, 2014 at or about 11:45 P.M., plaintiff was lawfully within the vicinity of 24th Street between Neptune Avenue and Mermaid Avenue, Brooklyn, New York.

13. A group of officers approached plaintiff telling him they smelled alcohol.

14. Plaintiff was ordered to stand up against a bench.

15. A number of other individuals were also ordered to stand against the same bench.

16. Plaintiff explained to the officers that he had not been drinking. He pointed to a group of people about 50 feet away from him and said, go talk to them.

17. Defendant Pichardo, agitated by plaintiff's words, began searching the ground seeking contraband.

18. Finding nothing illegal on the ground, Pichardo picked up a small stick and told plaintiff that he would be arrested for the marijuana she found.

19. Pichardo told another defendant to "arrest him", pointing at plaintiff.

20. Another defendant, looked behind the benches and allegedly found a single dice.

3

21. Plaintiff was placed in handcuffs and taken to the police precinct.

22. Defendants refused to tell plaintiff why he was being arrested.

23. At the precinct, the officers falsely informed employees of the Kings District Attorney's Office that they had observed plaintiff possessing a gambling device and related charges.

24. At no point did the officers observe plaintiff commit any crime.

25. Plaintiff was taken transported to Central Booking and was arraigned in Kings County Criminal Court.

26. Ultimately all charges against plaintiff were dismissed.

27. Plaintiff was deprived of his liberty, assaulted, battered, suffered emotional distress, mental anguish, pain, fear, anxiety, embarrassment, humiliation, damage to their reputation and loss of income.

## FIRST CLAIM
## 42 U.S.C. § 1983

28. Plaintiff repeats and re-alleges each and every allegation as if fully set forth herein.

29. Defendants, by their conduct toward plaintiffs alleged herein, violated plaintiffs' rights guaranteed by 42 U.S.C. § 1983, the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States.

30. As a direct and proximate result of this unlawful conduct, Plaintiffs sustained the damages hereinbefore alleged.

## SECOND CLAIM
## UNLAWFUL STOP AND SEARCH

31. Plaintiff repeats and re-alleges each and every allegation as if fully set forth herein.

32. Defendants violated the Fourth and Fourteenth Amendments because they stopped and searched plaintiff without reasonable suspicion

33. As a direct and proximate result of this unlawful conduct, Plaintiffs sustained the damages hereinbefore alleged.

## THIRD CLAIM
## FALSE ARREST

34. Plaintiff repeats and re-alleges each and every allegation as if fully set forth herein.

35. Defendants violated the Fourth and Fourteenth Amendments because they arrested plaintiff without probable cause.

36. As a direct and proximate result of this unlawful conduct, Plaintiffs sustained the damages hereinbefore alleged the damages hereinbefore alleged.

## FOURTH CLAIM
### Failure To Intervene

37. Plaintiff repeats and re-alleges each and every allegation as if fully set forth herein.

38. Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

39. Accordingly, the defendants who failed to intervene violated the First, Fourth, Fifth And Fourteenth Amendments.

40. As a direct and proximate result of this unlawful conduct, Plaintiffs sustained the damages herein before alleged.

## FIFTH CLAIM
## DENIAL OF A CONSTITUTIONAL RIGHT TO A FAIR TRIAL

41. Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

42. The individual defendants created false evidence against plaintiffs.

43. The individual defendants forwarded false evidence to prosecutors in the Kings County District Attorney's office.

44. In creating false evidence against plaintiffs, and in forwarding false information to prosecutors, the individual defendants violated plaintiffs' constitutional

right to a fair trial under the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution.

45. As a direct and proximate result of this unlawful conduct, plaintiffs sustained the damages hereinbefore alleged.

## SIXTH CLAIM
### Malicious Prosecution

46. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

47. By their conduct, as described herein, and acting under color of state law, defendants are liable to plaintiff under 42 U.S.C. § 1983 for the violation of his constitutional right to be free from malicious prosecution under the Fourth and Fourteenth Amendments to the United States Constitution.

48. Defendants' unlawful actions were done willfully, knowingly, with malice and with the specific intent to deprive plaintiff of his constitutional rights. The prosecution by defendants of plaintiff constituted malicious prosecution in that there was no basis for his arrest, yet defendants continued with the prosecution, which was resolved in plaintiff's favor.

49. As a direct and proximate result of defendants' unlawful actions, plaintiff has suffered, and will continue to suffer, damages, including mental and emotional

injury and pain, mental anguish, suffering, humiliation, embarrassment and loss of reputation.

## **PRAYER FOR RELIEF**

**WHEREFORE**, plaintiffs respectfully requests judgment against defendants as follows:

i. Compensatory damages against all defendants, jointly and severally;

ii. Punitive damages against the individual defendants, jointly and severally;

iii. Reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

iv. Such other and further relief as this Court deems just and proper.


DATED: December 17, 2014
New York, New York

                /ss/
              Robert Marinelli
              305 Broadway, 9th Floor
              New York, New York 10007
              (212) 822-1427
              robmarinelli@gmail.com

              *Attorney for plaintiffs*